Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Kristina J. Holm, OSB No. 112607
KJHolm@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*pro hac vice* pending)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*pro hac vice* pending)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; and **ADIDAS AG**, a foreign entity,<br><br>     Plaintiffs,<br><br>  v.<br><br>**SEARS HOLDINGS CORPORATION**, a Delaware corporation; and **SEARS, ROEBUCK AND CO.**, a New York corporation,<br><br>     Defendants. | No. 3:15-cv-01412<br><br>**COMPLAINT**<br>(Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices)<br><br>**DEMAND FOR JURY TRIAL** |

1- COMPLAINT

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendants Sears Holdings Corporation and Sears, Roebuck and Co. (collectively, "Sears").

## I.    INTRODUCTION

1.    For decades, adidas has manufactured, sold, and promoted apparel and footwear bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark").  adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark for apparel and footwear, and adidas has invested millions of dollars building its brand in connection with the Three-Stripe Mark.

2.    Despite Sears' knowledge of adidas's rights in the famous Three-Stripe Mark, Sears is designing, sourcing, manufacturing, importing, distributing, marketing, promoting, offering for sale, and/or selling footwear that bears confusingly similar imitations of adidas's Three-Stripe Mark, including, among others, the footwear depicted below (the "Infringing Footwear"):

**Drew Bethany Shoe**

**Drew Blitz Shoe**





**Drew Blitz Shoe**

**Hi Tech Penrith Mid Waterproof Hiking Boot**





2-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Kamik Sandal**                              **Drew Atlas**

                          

3.      Sears' footwear is not manufactured by adidas, nor is Sears connected, affiliated, or associated with, or authorized by, adidas in any way.  Sears' merchandise is likely to cause consumer confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark.

4.      This is an action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the unfair business practices and unfair and deceptive trade practices acts of several states; and the common law.  Among other relief, adidas asks this Court to:  (a) permanently enjoin Sears from marketing or selling footwear bearing confusingly similar two-, three-, and four-stripe imitations of the Three-Stripe Mark; (b) award adidas monetary damages and to treble that award; (c) require Sears to disgorge all profits from sales of the infringing footwear; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II.      JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

6.      This Court has personal jurisdiction over Sears because, on information and belief, (a) Sears has marketed, distributed, offered for sale, and/or sold to persons within the

3-   COMMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0106/LEGAL126436875.1

State of Oregon, (b) Sears regularly transacts and conducts business within the State of Oregon, and/or (c) Sears otherwise has made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

7.      The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

### III.    PARTIES

8.      Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

9.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive Three-Stripe Mark.  adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

10.     On information and belief, Defendant Sears Holdings Corporation is a Delaware corporation, having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

11.     On information and belief, Defendant Sears, Roebuck and Co. is a New York corporation, having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    adidas's Famous Three-Stripe Mark**

12.    adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

13.    At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide.  The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear.  Examples of adidas's footwear bearing the Three-Stripe Mark are depicted below and on the following page, and pages from adidas catalogs featuring additional examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

**Barricade Team 4**



**SL Loop Runner Trail Shoes**



**Hamburg Shoes**



**GSG-9.2 Desert Boots**



**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Superstar**  **Stan Smith Vulc**



**Climacool Jawpaw** **Terrex Swift**

 

14.     adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

15.     adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

        16.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

        17.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



7-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

18.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

19.     adidas owns numerous additional trademark registrations, a number of which are incontestable, for the Three-Stripe Mark covering footwear and various items of apparel, including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,278,591, 2,284,308, 2,909,861, 2,999,646, 3,029,127, 3,063,742, 3,063,745, 3,087,329, 3,183,656, 3,183,663, and 3,236,505.  Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 7**.

20.     Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes" including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

21.     adidas's Three-Stripe Mark is well-known and famous and has been for many years.  adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of

8-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

musical artists, including pop-stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

22.    adidas also has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams.  For example, adidas has had longstanding relationships with the University of California at Los Angeles, the University of Nebraska, the University of Louisville, the University of Michigan, and the University of Miami.  Among many others, adidas sponsors: (a) 2012 NFL Offensive Rookie of the Year Robert Griffin III; (b) NBA stars Tim Duncan, Dwight Howard, Damian Lillard, and Derrick Rose; (c) professional golfer Sergio Garcia; and (d) internationally famous soccer players David Beckham and Lionel Messi.  For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

23.    The Three-Stripe Mark is nonfunctional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's merchandise. Indeed, unsolicited media coverage has referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup Brings New Shoes, Uniforms from Adidas, Nike," *The Oregonian*, Feb. 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012), "the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 27, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are also at Play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have,"

9-    COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999).

24.    For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with footwear and apparel.  In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The Three-Stripe Mark has achieved international fame and tremendous public recognition.

25.    Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark.  For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand."  A March 15, 2011 article from *The Oregonian* describing the advertising campaign is attached as **Exhibit 9**.  As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

26.    As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

**B.    Sears' Unlawful Activities**

27.    In blatant disregard of adidas's rights, Sears has been designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling in interstate commerce footwear that bears confusingly similar imitations of adidas's Three-Stripe Mark. Specifically, Sears has designed, sourced, manufactured, distributed, marketed, promoted, offered for sale, and/or sold the footwear depicted below (i.e., the "Infringing Footwear"):

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Drew Bethany Shoe**



**Drew Blitz Shoe**



**Drew Blitz Shoe**



**Hi Tech Penrith Mid Waterproof Hiking Boot**



**Kamik Sandal**



**Drew Atlas**



28.    The Infringing Footwear bears two, three, or four parallel stripes on the mid-foot portion of the upper in a manner likely to be confused with adidas's famous Three-Stripe Mark.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

29.     On information and belief, Sears was familiar with adidas's Three-Stripe Mark when it began designing, manufacturing, sourcing, importing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Footwear.  On further information and belief, Sears intentionally adopted and used confusingly similar imitations of the Three-Stripe Mark knowing that they would mislead and deceive consumers into believing that the footwear was produced, authorized, or licensed by adidas, or that the footwear originated from adidas.

30.     The Infringing Footwear designed, manufactured, sourced, imported, distributed, marketed, promoted, offered for sale, and/or sold by Sears is not manufactured by adidas.  Nor is Sears associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

31.     adidas used the Three-Stripe Mark extensively and continuously before Sears began designing, manufacturing, sourcing, importing, distributing, marketing, promoting, offering for sale, and/or selling confusingly similar imitations of adidas's footwear.

32.     The footwear sold by Sears is similar to, and competes with, goods sold by adidas, and the parties' products are sold through overlapping channels of trade.

33.     Sears' use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the footwear sold by Sears is manufactured by, authorized by, or in some manner associated with adidas, which it is not.  The likelihood of confusion, mistake, and deception engendered by Sears' misappropriation of adidas's mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

34.     Sears' activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Sears' Infringing Footwear at the point of sale or on a wearer are likely—due to Sears' use of confusingly similar imitations of the Three-Stripe Mark—to mistakenly attribute the product to adidas.  This is particularly damaging with respect to those people who perceive a defect or lack of quality in

12-  COMPLAINT

Sears' products.  By causing such a likelihood of confusion, mistake, and deception, Sears is inflicting irreparable harm on the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

35.     On information and belief, Sears continues to use confusingly similar imitations of adidas's Three-Stripe Mark in connection with the sale of footwear that competes with footwear manufactured and sold by adidas.  Sears began selling the Infringing Footwear well after adidas had established protectable rights in its Three-Stripe Mark and well after the Three-Stripe Mark had become famous.

36.     On information and belief, Sears knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of adidas's Three-Stripe Mark.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

37.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

38.     Sears' use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Sears' products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by adidas, or are associated or connected with adidas.

39.     Sears has used a mark confusingly similar to adidas's federally registered Three-Stripe Mark in violation of 15 U.S.C. § 1114.  Sears' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

40.     Sears' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark to adidas's great and irreparable injury.

13-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

41.    Sears has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Sears' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

42.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

43.    Sears' use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Sears' goods are manufactured or distributed by adidas, are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

44.    Sears has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).  Sears' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

45.    Sears' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

46.    Sears' conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Sears' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

14-  COMPLAINT

21184-0106/LEGAL126436875.1

**THIRD CLAIM FOR RELIEF**
**(Unfair and Deceptive Trade Practices)**

47.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

48.     Sears has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Sears' goods, causing a likelihood of confusion as to Sears' affiliation, connection, or association with adidas, and otherwise damaging adidas and the consuming public.  Sears' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California, CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

49.     Sears' unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover damages, and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

15-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**FOURTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

50.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

51.    Sears' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of adidas.  adidas has no adequate remedy at law for this injury.

52.    On information and belief, Sears acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Sears' activities.

53.    Sears' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

54.    As a result of Sears' acts, adidas has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, adidas is entitled to injunctive relief, an accounting of Sears' profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Sears from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

**FIFTH CLAIM FOR RELIEF**
**(Federal Trademark Dilution)**

55.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

56.    For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world.  The mark

16-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0106/LEGAL126436875.1

therefore had become a famous and well-known symbol of adidas and its products well before Sears designed, sourced, manufactured, imported, distributed, marketed, promoted, offered for sale, or sold the Infringing Footwear.

57.    Sears is making use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of the famous Three-Stripe Mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the Three-Stripe Mark, and otherwise lessening the capacity of the Three-Stripe Mark to identify and distinguish adidas's goods.

58.    Sears' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark to the great and irreparable injury of adidas.

59.    Sears has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c).  adidas therefore is entitled to injunctive relief and to Sears' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution)

60.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

61.    adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark had thereby become a distinctive, famous, and well-known symbol of adidas's goods and services well before Sears designed, sourced, manufactured, imported, distributed, marketed, promoted, offered for sale, or sold the Infringing Footwear.  The Three-Stripe Mark is widely recognized by

17-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0106/LEGAL126436875.1

the general consuming public of the State of Oregon as a designation that adidas is the source of the goods bearing the Three-Stripe Mark.

62.     Sears' unauthorized imitations of adidas's Three-Stripe Mark dilute and are likely to dilute the distinctiveness of adidas's mark by eroding the public's exclusive identification of this famous and well-known mark with adidas, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods and services.

63.     Sears is causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New

18-  COMPLAINT

Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law
§ 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island,
R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009);
Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN.
§ 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV.
CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie
2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).  adidas therefore is
entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and
reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.      Sears and all of its agents, officers, employees, representatives, successors,
assigns, attorneys, and all other persons acting for, with, by, through, or under authority from
Sears, or in concert or participation with Sears, and each of them, be enjoined permanently,
from:

  a.      using adidas's Three-Stripe Mark or any other copy, reproduction,
colorable imitation, or simulation of adidas's Three-Stripe Mark on or in
connection with Sears' products;

  b.      using any trademark, logo, design, or source designation of any
kind on, or in connection with, Sears' goods that is a copy, reproduction,
colorable imitation, or simulation of, or confusingly similar to adidas's
Three-Stripe Mark;

  c.      using any trademark, logo, design, or source designation of any
kind on or in connection with Sears' goods that is likely to cause
confusion, mistake, deception, or public misunderstanding that such

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

goods are produced or provided by adidas, are sponsored or authorized by adidas, or are in any way connected or related to adidas;

      d.     using any trademark, logo, design, or source designation of any kind on or in connection with Sears' goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of adidas; and

      e.     passing off, palming off, or assisting in passing off or palming off Sears' goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

2.     Sears be ordered to cease offering for sale, marketing, promoting, and selling, to remove from retail stores, and to recall and retrieve all products bearing the Three-Stripe Mark or any other confusingly similar variation, which are in Sears' possession or have been shipped by Sears or under its authority, to any store or customer, including, but not limited to, any wholesaler, distributor, distribution center, retail store, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Sears;

3.     Sears be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationary, or other materials in the possession, custody, or under the control of Sears that are found to adopt, use, infringe, or dilute any of adidas's trademarks, or that otherwise unfairly compete with adidas and adidas's products;

4.     Sears be compelled to account to adidas for any and all profits derived by Sears from the sale or distribution of infringing goods as described in this Complaint;

5.     adidas be awarded all damages caused by the acts forming the basis of this Complaint;

20-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

6.      Based on Sears' knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages awarded be trebled and the award of Sears' profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b);

7.      Sears be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.      Based on Sears' willful and deliberate infringement and/or dilution of adidas's marks, and to deter such conduct in the future, adidas be awarded punitive damages;

9.      Sears be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

10.     adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  July 28, 2015                    PERKINS COIE LLP

                                         By: s/ Stephen M. Feldman
                                             Stephen M. Feldman, OSB No. 932674
                                             SFeldman@perkinscoie.com
                                             Kristina J. Holm, OSB No. 112607
                                             KJHolm@perkinscoie.com
                                             1120 N.W. Couch Street, Tenth Floor
                                             Portland, OR  97209-4128
                                             Telephone:  503.727.2000
                                             Facsimile:  503.727.2222

                                         R. Charles Henn Jr. (*pro hac vice* pending)
                                         chenn@kilpatricktownsend.com
                                         Charles H. Hooker III (*pro hac vice* pending)
                                         chooker@kilpatricktownsend.com
                                         KILPATRICK TOWNSEND & STOCKTON LLP
                                         1100 Peachtree Street, Suite 2800
                                         Atlanta, GA 30309
                                         Telephone:  404.815.6500
                                         Facsimile:  404.815.6555

                                         Attorneys for Plaintiffs

21-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222